{¶ 41} With respect, I dissent.
 {¶ 42} I agree that this is a difficult case in terms of the commendable effort of Father. Nevertheless, the ultimate issue before the trial court as well as before this Court is not the effort of Father, but the best interests of the children.
 {¶ 43} When the guardian ad litem indicated that she would like to see support systems in place in the home before the children might be returned to Father, she emphasized that Father had received a great deal of help during this case and indicated that to return the children to Father without continuing such support would "almost be setting him up for failure." I do not believe that such a recommendation, particularly in light of the guardian ad litem's notation that both children have emotional and behavioral issues, suggests that Father will be able to provide a "secure permanent placement" for the children. See R.C.2151.414(D)(4). (requiring consideration of the children's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency).
 {¶ 44} In addition, I do not find the concept of stability to be a small point. Father's ability to provide for the basic needs of these children on a continuing basis is critical to their well-being. The fact that he has not been able to maintain a home or employment for any length of time does not bode well for their future security. *Page 19 
 {¶ 45} Finally, although Father has attended multiple classes and performed well with his children for two hours per week, it is quite another matter to provide for the children's needs on a full time basis while also maintaining a home and job. The fact that he has not yet been able to take the children for extended visits is demonstrative of the fact that he is not ready, after more than two years, to be a parent to them.
 {¶ 46} I would affirm the judgment of the juvenile court. *Page 1